IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERT O. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CV-729-TCK-SAJ |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; TYREE SEALS; and ) | |
| JOYCE BRECKENRIDGE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action. On November 23, 2005, Defendants filed a Special Report (Dkt. # 25). Plaintiff, a state inmate appearing *pro se*, filed two (2) responses to the Special Report (Dkt. #s 26 and 27). On March 8, 2006, Defendants filed a motion to dismiss (Dkt. # 37), alleging that Plaintiff had failed to exhaust administrative remedies prior to filing the instant complaint. Plaintiff filed a response (Dkt. # 38). Defendants filed a reply (Dkt. # 39). Plaintiff filed a reply to Defendants' reply (Dkt. # 40). By Order filed January 29, 2007 (Dkt. # 42), the Court provided notice to the parties that the motion to dismiss would be adjudicated as a motion for summary judgment. For the reasons discussed below, the Court finds Plaintiff failed to exhaust administrative remedies prior to filing his complaint. Therefore, Defendants' motion for summary judgment shall be granted and the complaint, as amended, shall be dismissed without prejudice.

*BACKGROUND*

In his amended complaint (Dkt. # 3), Plaintiff alleges that Defendants Corrections Corporation of America ("CCA"), Tyree Seals, and Joyce Breckenridge failed to provide adequate medical care while he was in custody at David L. Moss Criminal Justice Center ("DLMCJC"), located in Tulsa, Oklahoma. Plaintiff claims that on or about November 19, 2003, he slipped on a

wet stair case at the jail, fell and broke his left hand. On December 5, 2003, his hand was X-rayed at DLMCJC and it was determined that his hand was "broken badly." See Dkt. # 3. Plaintiff was seen by a bone specialist on December 16, 2003, who determined Plaintiff's hand need urgent care to reset the bone. Plaintiff alleges that "repeated grievances and requests were filed within the prison system requesting follow up treatment. All were ignored or denied." Id. Plaintiff indicates that on January 26, 2004, he received a response from medical indicating that the Department of Corrections ("DOC") would be responsible for fixing it when he arrived in their custody. Id. In his amended complaint, Plaintiff states that he is entitled to $250,000 as relief. (Dkt. # 3).

In response to the amended complaint, Defendants filed a Special Report (Dkt. # 25) and a motion to dismiss for failure to exhaust administrative remedies (Dkt. # 37). The Court has previously determined that the motion to dismiss would be adjudicated as a Rule 56 motion for summary judgment. See Dkt. # 42. The Court afforded Plaintiff the opportunity to file a supplemental response by February 13, 2007, to present any material not previously provided and made pertinent to a motion for summary judgment by Fed. R. Civ. P. 56. The deadline has passed and Plaintiff has failed to provide any additional materials.

## *ANALYSIS*

### A. Summary judgment standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence

in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized "Martinez Report" (Special Report) prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the Martinez Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the Plaintiff has presented conflicting evidence. Id. at 1111. The Plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe Plaintiff's *pro se* pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence

and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**B. Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). An inmate's failure to exhaust administrative remedies under the PLRA is an affirmative defense and the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock --- U.S. ---, 2007 WL 135890 (Jan. 22, 2007) (abrogating Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003)). An inmates' compliance with the PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire action. Id. (abrogating Ross v. County of Bernalillo, 365 F.3d 1181

(10th Cir. 2004)). However, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

**C. Defendants are entitled to judgment as a matter of law**

In this case, Plaintiff failed to follow the grievance procedure available at DLMCJC to its conclusion. The CCA grievance procedure, see Dkt. # 39, Ex. 1, called for submission of a grievance within seven (7) days of the alleged incident. The Facility Grievance Officer was required to conduct an investigation of the grievance and render a decision. The inmate was then required to submit an appeal to the Warden of the facility who would render a written decision on the grievance appeal. The policy also provided that the time limitations imposed at any stage of the procedure could be extended to provide for a more complete investigation of the claims contained in the grievance. Significantly, the policy required that upon release from custody at DLMCJC, a grievant wishing to pursue an unresolved grievance was responsible for notifying the Facility Grievance Officer of that intention and for providing an address and other pertinent information. See Dkt. # 39, Ex. 1.

Plaintiff alleges he received inadequate medical care during his confinement at DLMCJC. His claim falls squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when those claims arose. Cf. Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement."). In their brief in support of the motion to dismiss for failure to exhaust administrative remedies, Defendants allege that Plaintiff submitted only Inmate Request Forms and never initiated the grievance process available at DLMCJC. See

Dkt. # 37. However, in response, Plaintiff provides a copy of a grievance, bearing the date January 26, 2004, explaining his injury and requesting expedited medical care. (Dkt. # 38, attachment). Plaintiff indicates he received the grievance response on April 21, 2004. The grievance officer's report indicated that Plaintiff had failed to follow proper procedures for filing the grievance, but that the information provided by Plaintiff had been submitted to the medical administrator. Id. Plaintiff does not indicate that he took any steps following receipt of the grievance response. Although Plaintiff may have been released to the custody of the Oklahoma Department of Corrections during the pendency of the grievance, CCA's grievance policy provided that Plaintiff was obligated to notify the grievance officer at DLMCJC of his intention to pursue the unresolved grievance. Nothing in the record indicates that Plaintiff took the necessary steps to pursue an appeal of the grievance officer's response to the Warden or designee. The Court finds no basis for excusing the exhaustion requirement in this case.

Upon careful review of the argument and record provided for review, the Court finds that Plaintiff has failed to controvert the evidence presented by Defendants demonstrating that he failed to exhaust administrative remedies available at DLMCJC for the claims raised in the amended complaint. Therefore, the Court concludes Defendants' motion for summary judgment shall be granted and the complaint shall be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). A separate judgment shall be entered for Defendants.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies (Dkt. # 37), adjudicated as a motion for summary judgment, is **granted**.

2. Plaintiff's complaint (Dkt. # 1), as amended (Dkt. # 3), is **dismissed without prejudice** for failure to exhaust administrative remedies.

3. This is a final Order terminating this action.

4. A separate Judgment shall be entered in favor of Defendants.

DATED THIS 22nd day of March, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE